UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY PERRY OLIVER,<br><br>                                    Petitioner,<br>        v.<br><br>STATE OF NEVADA,<br><br>                                    Respondent. | Case No. 3:19-cv-00051-LRH-WGC<br><br>ORDER |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and for consideration of petitioner's application for leave to proceed *in forma pauperis*.

Petitioner's pauper application is not filed on the correct form and does not contain all required attachments.  LSR 1-1 & 1-2.  The application for leave to proceed *in forma pauperis* (ECF No. 1) will therefore be denied without prejudice.  Petitioner must re-file his application on the correct form, attaching all required documentation, or pay the $5.00 filing fee within thirty days of the date of this order.  Failure to do so will result in the dismissal of this action.

Following review of the petition, its attachments, and the state court records in petitioner's criminal case and appeals, [1] the Court will order petitioner to show cause why the petition should not be dismissed as untimely.[2]

---

[1] Petitioner has attached only some of the written findings of the state courts to his petition.  However, the dockets of his criminal action and appeals are available online, and the Court takes judicial notice of these dockets and the materials that may be obtained therefrom. The docket in petitioner's criminal case may be accessed via https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0 (last accessed Feb. 1, 2019).  The dockets of petitioner's appeals may be accessed via http://caseinfo.nvsupremecourt.us/public/publicActorSearch.do (last accessed Feb. 1, 2019).

[2] The Court does not hereby imply that the petition is otherwise free of deficiencies.  All remaining deficiencies will be addressed, if necessary, following petitioner's response to the order to show cause.

Petitioner in this action challenges his state court judgment of conviction, pursuant to jury trial, of battery constituting domestic violence with substantial bodily harm and his adjudication as a large habitual criminal in Clark County Case No. 08C241386. (ECF No. 1-1 at 1). Petitioner had also been convicted of attempted murder, but on direct appeal the Nevada Supreme Court reversed that conviction and remanded for entry of an amended judgment of conviction. (*See id.* at 65); http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=19746 (last accessed Feb. 1, 2019). The Nevada Supreme Court issued its order reversing and remanding on June 3, 2009. (*See* ECF No. 1-1 at 65). Even so, an amended judgment of conviction was not entered until June 24, 2013.[3]

Prior to the entry of the amended judgment of conviction, petitioner had filed a petition for writ of habeas corpus in state court. On February 9, 2015, the state court denied the petition, and on June 10, 2015, the Nevada Supreme Court affirmed. (*See* ECF No. 1-1 at 17-18). Remittitur issued on July 6, 2015. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=35403 (last accessed Feb. 1, 2019).

On April 17, 2018 – nearly three years later -- petitioner filed a notice of appeal, which was dismissed as untimely on May 12, 2018.[4] Petitioner filed two more notices of appeal on July 12, 2018, and July 18, 2018, both of which were also dismissed.[5] On August 31, 2018, petitioner filed a motion to dismiss all charges in the trial court. The trial court denied this motion on October 9, 2018.

Thereafter, petitioner file his federal habeas petition on October 20, 2018. (ECF No. 1-1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The federal limitations period is tolled while "a properly filed application for State post-

---

[3] Before that time, the petitioner had filed several motions to correct illegal sentence, all of which were denied by the trial court. Petitioner filed a motion to correct illegal sentence on April 28, 2009, which was denied on June 4, 2009, another motion to correct sentence on July 17, 2012, which was denied on July 31, 2012, and another motion to correct sentence on August 17, 2012, which was denied on September 11, 2012.

[4] *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=45887 (last accessed Feb. 1, 2019).

[5] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=46667 (last accessed Feb. 1, 2019); http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=47726 (last accessed Feb. 1, 2019).

conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

Here, because petitioner had an apparently properly filed postconviction petition for habeas relief pending in state court at the time his amended judgment of conviction became final, the statute of limitations did not begin to run until proceedings on that petition terminated. Proceedings on the petition terminated when remittitur issued, on July 6, 2015. The statute of limitations therefore began to run the following day and, absent a basis for tolling or delayed accrual, expired on July 5, 2016.[6] The instant petition, filed more than two years later, is therefore untimely on its face. Petitioner must show cause why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).[7]

---

[6] The statute expired on July 5, 2016 as opposed to July 6, 2016, because 2016 was a leap year.

[7] Subparagraph (d) of § 2244 provides in full:

> (1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

Petitioner further is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

In accordance with the foregoing, IT IS THEREFORE ORDERED that petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1) is DENIED WITHOUT PREJUDICE. Petitioner must either file a complete pauper application on the appropriate form or pay the filing fee within thirty days of the date of this order or this action will be dismissed.

IT IS FURTHER ORDERED that petitioner shall SHOW CAUSE within thirty days of the date of this order why the action should not be dismissed as untimely. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If petitioner responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

4

supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

IT IS FURTHER ORDERED that petitioner must attach with his show-cause response copies of all state court written decisions regarding his conviction, including, but not limited to, the state appellate decision on his direct appeal.

The Clerk of Court shall send petitioner two copies of the inmate pauper application and one copy of the instructions for same.

IT IS SO ORDERED.

DATED this 4th day of February, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE