UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTHONY PERRY OLIVER,

Petitioner,

v.

STATE OF NEVADA,

Respondent.

Case No. 3:19-cv-00051-LRH-WGC

ORDER

On February 4, 2019, the Court ordered petitioner to show cause why the petition in this action should not be dismissed as untimely. (ECF No. 3). In response, petitioner asserted that he should be entitled to equitable tolling because he did not have effective counsel, or any counsel at times, did not know that there was a statute of limitations, and is mentally slow and disadvantaged. (ECF No. 4). Following the Court's order to file an unsealed amended petition,[1] petitioner filed an amended petition that asserts, among other things, that he is actually innocent. The Court concludes that both the claim of actual innocence and the claim of equitable tolling would benefit from further briefing and the complete state court record. Accordingly, the Court will direct service of the amended petition (ECF No. 24) and a response.

The Court has further considered petitioner's request for appointment of counsel, and finds that appointment of counsel is not justified, at least not at this juncture. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469

---

[1] The Court did not represent to petitioner than an amended petition would be considered timely and makes no such representation here that it is.

U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, the petition appears sufficiently clear in presenting the issues, and the legal issues are not particularly complex. Therefore, counsel is not justified.

Respondents are advised that, because the bulk of the petition involves petitioner's claim that he does not have three prior convictions justifying the large habitual criminal enhancement, respondents should, if possible, submit evidence of the three prior felonies as part of the state record.

IT IS THEREFORE ORDERED that petitioner's request for appointment of counsel is denied.

IT IS FURTHER ORDERED that the Clerk shall add Nevada Attorney General Aaron D. Ford as attorney for respondents and shall informally electronically serve the Nevada Attorney General with a copy of the petition and this order.

IT IS FURTHER ORDERED that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within sixty days of the date of entry of this order and that petitioner may file a reply thereto within thirty days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406

F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that respondents shall file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

IT IS FURTHER ORDERED that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

IT IS FURTHER ORDERED that petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 21) is denied as moot, as petitioner has paid the filing fee.

IT IS FURTHER ORDERED that the Clerk shall SEAL the petitioner's response to the order to show cause (ECF No. 4), as it contains personal identifiers.

IT IS SO ORDERED.

DATED this 5th day of August, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3