# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY PERRY OLIVER,<br><br>    Petitioner,<br>v.<br>STATE OF NEVADA, *et al.*,<br><br>    Respondents. | Case No. 3:19-cv-00051-LRH-WGC<br><br>**ORDER** |

This habeas matter is before the Court on Petitioner Anthony Perry Oliver's Motion for Pictures (ECF No. 27). Respondents opposed the motion (ECF No. 28). No reply brief was filed and the deadline for doing so has expired.

Oliver's motion requests copies of everything this Court has on file in his case, including the case history, charging document, guilty plea agreement, judgment of conviction, court minutes orders. Correspondence he submitted from the Eighth Judicial District Court indicates that the state court did not have the documents and/or pictures he seeks. Oliver also requests copies of certain pictures of the victim in the hospital, and asserts his belief that "some of the witnesses are fake" and the victim was "pretending."

To the extent Oliver seeks documents contained in the state court record, Respondents indicate they will file the record at the time they file a response to his amended petition.[1] Respondents assert that Oliver's record request is premature at this time and would duplicative efforts. To the extent Oliver wants Respondents to produce other documents, outside of the state court record, Respondents oppose the motion as a premature discovery request. They contend that Oliver fails to show good cause for any discovery as he does not identify how photos of the victim or any other requested records will show that the witnesses were fake or the victim was pretending.

---

[1] Respondents' response is due by December 3, 2019. (ECF No. 30.)

The Court's review of a habeas petition is generally limited to the record that was before the state courts. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018). However, Rule 6(a) of the Rules Governing Section 2254 Cases provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." To determine whether a petitioner has established "good cause" for discovery, the court identifies the essential elements of the substantive claim and analyzes whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" entitlement to relief. *Bracy*, 520 U.S. at 908–09; *Roseberry v. Ryan*, 289 F. Supp. 3d 1029, 1034 (D. Ariz. 2018).

While conceivable that the request for records and photos might be relevant to deciding Oliver's claims, the request is premature and potentially overbroad since Respondents have yet to file the state record in this case. Additionally, Oliver provides no showing of good cause to support his request. The Court ordered Respondents to respond to Oliver's amended petition and file "a set of state court exhibits relevant to the response." (ECF No. 25 at 3.) Because the bulk of the amended petition involves Oliver's claim that he does not have three prior convictions justifying the large habitual criminal enhancement, the Court further advised Respondents to submit evidence of the three prior felonies as part of the state record, if possible. (*Id.* at 2.) Oliver should carefully review the state court exhibits once filed as they may fulfill his needs.

**IT IS THEREFORE ORDERED:** Petitioner Anthony Perry Oliver's Motion for Pictures (ECF No. 27) is DENIED without prejudice.

DATED this 21st day of November, 2019.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE