UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY PERRY OLIVER,<br><br>        Petitioner,<br>    v.<br>STATE OF NEVADA, *et al.*,<br><br>        Respondents. | Case No. 3:19-cv-00051-LRH-WGC<br><br>**ORDER** |

Petitioner Anthony Perry Oliver, a *pro se* Nevada prisoner, has filed an Amended Petition for Writ of Habeas Corpus (ECF No. 24) ("Amended Petition") under 28 U.S.C. § 2254. Currently before the Court is Respondents' Motion to Dismiss ("Motion") (ECF No. 37) the Amended Petition. Oliver did not oppose the Motion, and the deadline to do so expired without request for extension.[1] For the reasons discussed below, Respondents' Motion is granted.

**BACKGROUND**

**I.    STATE PROCEEDINGS**

Oliver challenges a 2008 conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada ("state court"). *State of Nevada v. Oliver*, Case No. C241386. Following a one-day trial, a jury found Oliver guilty of attempted murder, battery constituting domestic violence with substantial bodily harm, and battery constituting domestic violence.[2] (Ex. 25, ECF No. 39-3.) On June 13, 2008, the state court adjudicated Oliver as a habitual criminal based on three prior felony convictions and entered a judgment of conviction on the attempted murder and battery counts. (Ex. 29, ECF No. 39-7.) He was sentenced to life with a minimum

---

[1] LR 7-2 of the Local Rules of Civil Practice provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. LR 7-2(d); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal). Pursuant to the Local Rules, any response to Respondents' Motion was to be filed and served within 14 days, or by February 28, 2020. LR 7-2(b). Although no response was filed, the Court will address the merits of the Motion to ensure a complete record.

[2] The battery constituting domestic violence count was dismissed at sentencing as a lesser included offense. (Exs. 28, 29; ECF Nos. 39-6, 39-7.)

1

parole eligibility of ten years for each count with the battery count to run concurrently with the attempted murder count. (*Id.*)

Oliver filed a direct appeal raising three issues: (1) the state court abused its discretion by adjudicating Oliver a habitual criminal; (2) the state court abused its discretion by adjudicating Oliver a habitual criminal without making particularized findings of fact; and (3) the jury verdict for attempted murder was not supported by sufficient evidence to sustain a conviction. (Ex. 38, ECF No. 39-16.)

While the appeal was pending, on January 20, 2009, Oliver filed a petition for writ of habeas corpus ("state petition") seeking post-conviction relief. (Ex. 41, ECF No. 40-3.) He alleged that the habitual criminal adjudication was illegal because prosecutors only provided proof of two prior felony convictions. (*Id.*) Prosecutors responded to the *pro se* state petition noting that it challenged the same issue as the counseled direct appeal. (Ex. 45, ECF No. 40-7.) The court's minutes note that the case was on appeal and the state court would have "no jurisdiction until after it [was] returned." (Ex. 16, ECF No. 38-16 at 12.)

The Nevada Supreme Court decided the appeal on June 3, 2009, affirming Oliver's conviction as a habitual offender but reversing the attempted murder conviction. (Ex. 49, ECF No. 40-11.) The matter was remanded with instructions for the state court to "correct the judgment of conviction consistent with th[e] order." (*Id*. at 6.) However, the matter was never put back on the state court's calendar (Ex. 16, ECF No. 38-16 at 21), and there was no activity in Oliver's state case for over three years.

In May 2013, Oliver filed a motion asking the state court to comply with the Nevada Supreme Court's remand order and to resentence him on the battery count. (Ex. 60, ECF No. 40-22.) Recognizing that no amended judgment was entered in accordance with the remand order, prosecutors did not oppose Oliver's request to do so. (Ex. 61, ECF No. 40-23.) However, they opposed resentencing because Oliver's habitual criminal adjudication was affirmed and the state court was only directed to correct the judgment to reflect dismissal of the attempted murder count, not to hold a resentencing hearing on the battery count. (*Id.*) The state court concluded that resentencing was unnecessary (Ex. 16, ECF No. 38-16 at 21), and entered an amended judgment

on June 24, 2013, dismissing the attempted murder count. (Ex. 62, ECF No. 40-24.)

In November 2014, the state court conducted a status check on Oliver's state petition. (Ex. 16, ECF No. 38-16 at 24.) The prosecutor advised that the State's original response was incomplete and sought leave to file a supplemental response, which was granted. (*Id.*; Ex. 77, ECF No. 41-12.) In its decision on the state petition, the state court found that Oliver had already challenged the habitual criminal adjudication on direct appeal and received an adverse ruling; thus, the state petition was denied under the doctrine of the law of the case. (Ex. 80, ECF No. 41-15.) Oliver appealed. The Nevada Supreme Court affirmed the denial of relief, and a remittitur issued on July 6, 2015. (Exs. 86–87, ECF Nos. 41-21, 42-1.)

## II. FEDERAL HABEAS PROCEEDINGS

Oliver has filed three federal habeas actions since his conviction. He filed the first federal petition in October 2008. *See Oliver v. Skolnick*, 2:08-cv-1391-RLH-PAL. Noting that Oliver's direct appeal was still pending, the Court dismissed the first petition without prejudice for a failure to exhaust available state remedies. *Id.*, ECF No. 6 (Apr. 22, 2009 Order).

Oliver filed a second federal petition in December 2012 but did not pay the $5.00 filing fee to start a habeas action or request permission to proceed *in forma pauperis*. *See Oliver v. Skolnick*, 2:12-cv-2189-RCJ-VCF. The Court reviewed the Nevada courts' online docket records but could not determine whether a corrected judgment was entered or whether the state petition was denied as opposed to held in abeyance by the state court until jurisdiction returned following the direct appeal. *Id.*, ECF No. 4 at 2 n.1 (Jan. 30, 2013 Order). Based on those questions, the Court noted:

> [T]he *federal one-year limitation period* either: (a) has long since expired absent substantial tolling separate and apart from the interval between the dismissal of this action and the prompt filing of a properly-commenced action; or (b) has not even begun to run as yet. Either way, the dismissal of the present action without prejudice will not materially impact the analysis of any limitation issue raised in a promptly-filed new action.
> 
> *Petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case and properly commencing a timely-filed federal habeas action with exhausted claims.*

*Id.* at 3 n.1 (emphasis added). The second petition was dismissed without prejudice for a failure to resolve the filing fee.

The current federal habeas action—Oliver's third—was initiated on October 20, 2018, the

date he represents the original petition was placed in the prison mailing system.³ (ECF No. 1-1 at 16.) However, the petition was erroneously mailed to the U.S. Court of Appeals for the Ninth Circuit, which then transferred the petition here. (ECF No. 1-2 (citing Fed. R. App. P. 22(a)).)

Upon initial screening, the Court determined that Oliver's petition was untimely on its face and ordered him to show cause why this action should not be dismissed as time-barred. (ECF No. 3.) In response, Oliver implied that he should be entitled to equitable tolling because he did not have effective counsel, or any counsel at times, did not know that there was a statute of limitations, and is mentally slow and disadvantaged. (ECF No. 4.) In accordance with an order to amend his petition to exclude the victim's medical records and personal identifiers (ECF No. 22), Oliver filed the Amended Petition (ECF No. 24) asserting, among other things, that he is actually innocent. The Court concluded that the claims of actual innocence and equitable tolling would benefit from further briefing and the complete state court record. (ECF No. 25.) Accordingly, the Court directed service of the Amended Petition and a response. (*Id.*)

Respondents have moved to dismiss the Amended Petition as untimely. As previously noted, Oliver did not oppose their Motion.

## **DISCUSSION**

**I.   TIMELINESS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitation, *i.e.*, 365 days, for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. AEDPA's limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by the conclusion of direct appellate review. *Id.* § 2244(d)(1)(A). However, when a state court issues an amended judgment of conviction, it is considered a "new judgment, starting a new one-year statute of limitations." *Smith v. Williams*, 871 F.3d 684, 688 (9th Cir. 2017).

AEDPA's limitation period is tolled while a "properly filed application" for post-

---

³ Although the Clerk of Court opened this case on January 29, 2019, pursuant to the transfer order (ECF No. 1-2), the original petition was deemed filed on the day Oliver certifies it was handed to prison authorities for mailing: October 20, 2018. *See Hernandez v. Spearman*, 764 F.3d 1071, 1074–76 (9th Cir. 2014) (discussing the "prison mailbox rule").

conviction relief is pending before a state court. 28 U.S.C. § 2244(d)(2). No statutory tolling is allowed for the period between the finality of an appeal and the filing of a federal petition. *Nino v. Galaza*, 183 F.3d 1003, 1007 (9th Cir. 1999).

Here, Oliver's conviction became final on September 1, 2009, after the Nevada Supreme Court decided his direct appeal and the time expired for filing a petition for writ of certiorari with the United States Supreme Court. Although AEDPA's limitation period was poised to begin the following day, it was effectively paused for nearly six years. Because Oliver filed the state petition in January 2009 and it was still pending when the amended judgment was entered,[4] all 365 days of the limitation period were statutorily tolled period during the pendency of all proceedings related to the state petition. Tolling ended on July 6, 2015, when the remittitur issued for the order of affirmance by the Nevada Supreme Court. The AEDPA clock restarted the following day and expired 365 days later on July 6, 2016. Absent another basis for tolling or delayed accrual, Oliver filed the petition in this case on October 20, 2018, over two years after the AEDPA limitations period expired, and it is subject to dismissal as time-barred.

### A.     Equitable Tolling

The Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is appropriate only if (1) a petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To satisfy the first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc) (expressly rejecting stop-clock approach for evaluating when petitioner must be diligent). To satisfy the second element, a petitioner must demonstrate that the "extraordinary circumstances" were the *cause* of his

---

[4] When the state court entered the amended judgment on June 24, 2013, the AEDPA clock was reset to a new 365-day limitation period. *See Smith*, 871 F.3d at 688. But this had no practical effect on Oliver's AEDPA clock because proceedings related to the state petition were already tolling the limitation period.

5

untimeliness. *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017). In other words, "that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation omitted).

Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). "The petitioner bears the burden of demonstrating that he or she is entitled to equitable tolling." *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012) *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

Respondents assert that Oliver is not entitled to equitable tolling because he has not shown that he diligently pursued his rights and an extraordinary circumstance prevented timely filing of his petition. The Court agrees. The February 2019 Order to Show Cause ("OSC") set forth the legal standard for equitable tolling. (ECF No. 3 at 3.) Oliver's OSC response indicated that his petition should not be dismissed as untimely—implying but not expressly asserting that equitable tolling should apply—because he did not have effective counsel, or any counsel at times, did not know that there was a statute of limitations, and is mentally slow and disadvantaged. (ECF No. 4.)

With regard to knowledge of the limitation period, the Ninth Circuit has held that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry*, 448 F.3d at 1154 (rejecting contention that "inability to correctly calculate the limitations period" warranted equitable tolling). In January 2013, this Court informed Oliver of the "federal one-year limitation period" and expressly warned: "[Oliver] at all times remains responsible for calculating the running of the federal limitation period as applied to his case and properly commencing a timely-filed federal habeas action with exhausted claims." *Oliver v. Skolnick*, 2:12-cv-2189-RCJ-VCF, ECF No. 4 at 3 n.1 (Jan. 30, 2013 Order). The order placed Oliver on notice of the one-year limitation period and refutes the contention in his OSC response that he was unaware of a statute of limitations.

This Court directed Respondents to respond to the Amended Petition to evaluate the complete state court record and full briefing on the potential tolling issue. (ECF No. 25.) Now that Respondents have moved for dismissal and argue that Oliver has not met the equitable tolling

6

1  standard, he failed to oppose their motion. Although his OSC response argued he is mentally slow
2  and disadvantaged, he did not point to anything in the record supporting his contention. Rather,
3  the record demonstrates that Oliver prompted the state court to comply with the Nevada Supreme
4  Court's remand order and enter the amended judgment, litigated the *pro se* state petition and appeal
5  to completion, and was capable of filing three federal habeas actions. For these reasons, Oliver
6  has not carried his burden of establishing an entitlement to equitable tolling.

### B.   Actual Innocence

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" after the statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)); *House v. Bell*, 547 U.S. 518 (2006)). "When an otherwise time-barred habeas petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error,' the Court may consider the petition on the merits." *Stewart v. Cate*, 757 F.3d 929, 937 (9th Cir. 2014) (quoting *Schlup*, 513 U.S. at 316). However, " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To be credible, allegations of constitutional error must be supported with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

Respondents contend that Oliver has not shown actual innocence to overcome the Amended Petition's untimeliness. The actual innocence claims are found in two grounds for relief: Grounds 1(A) and 2(C). Oliver alleges that no juror acting reasonably would have found him guilty because (1) he only had two prior felonies—not three, thus, he did not qualify to be sentenced under Nevada's large habitual statute, and (2) the victim was able to get out of her

wheelchair and "started playing around in the courtroom," suggesting that she did not suffer substantial bodily harm. (ECF No. 24 at 3, 5.) Respondents argue that Oliver's first innocence claim fails because jurors do not convict a person of habitual criminal status—a court makes such adjudication. It is a determination of status, rather than guilt; thus, he cannot be "innocent" of a status classification. As to the second innocence claim, Respondents assert that the victim's ability to get out of her wheelchair, even if true, would not undermine the jury's finding of substantial bodily harm since the trial was held eight months after Oliver attacked her.

The Court agrees with Respondents that Oliver has not met *Schlup*'s demanding standard. *See House*, 547 U.S. at 538 (emphasizing that the *Schlup* standard is seldom met). Oliver made bare allegations of actual innocence and did not come forward with new reliable evidence tending to establish actual factual innocence. Accordingly, the Amended Petition is untimely and must be dismissed with prejudice.[5]

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Dismiss (ECF No. 37) is GRANTED.
2. Petitioner Anthony Perry Oliver's Amended Petition for Writ of Habeas Corpus (ECF No. 24) is DISMISSED WITH PREJUDICE as time-barred.
3. A certificate of appealability is DENIED as reasonable jurists would not find the dismissal to be debatable or wrong.
4. The Clerk of Court is directed to ENTER FINAL JUDGMENT accordingly, dismissing this action with prejudice, and close this case.

DATED this 17th day of September, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[5] Because the Amended Petition is dismissed with prejudice as untimely, and Oliver has not overcome the time bar, the Court need not address Respondents' remaining procedural arguments.